# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK  10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
EMERITUS

DIANE L. HOUK
JESSICA CLARKE

ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
EMMA L. FREEMAN
DAVID BERMAN
ASHOK CHANDRAN
MICHELE YANKSON

June 3, 2019

***By ECF and U.S. Mail***

Hon. William H. Pauley III
United States Courthouse
Chambers 1920
500 Pearl Street
New York, NY 10007

Re:     *Lynch, et al. v. The City of New York*, 17 Civ. 7577

Dear Judge Pauley:

This firm, together with co-counsel Romano & Kuan PLLC, represents the Plaintiffs in this action, which alleges that the New York City Department of Correction ("DOC") is liable under 42 U.S.C. § 1983 for unconstitutionally restraining the liberty of pre-trial detainees entitled to release on bail.  Pursuant to the Court's May 7, 2019 Order, we write on behalf of all parties to provide the Court with a status report concerning the progress of discovery in advance of the June 4, 2019 status conference.

The parties have made significant progress in discovery.  Following the May 29, 2019 deposition of DOC Deputy Commissioner for Information Technology Maureen Danko, the parties have agreed that as soon as is practicable—and with a target completion date of July 31, 2019—Defendant will produce the following information:

> (1) A partially redacted[1] chronological report, in Microsoft Excel format, of movement data, including discharge dates and times (known as "QHMOV" data) from DOC's Inmate Information System ("IIS") for all DOC detainees released with a "BP" discharge code (for "bail paid") from January 1, 2011 to present;

---

[1] For present purposes, the parties have agreed that Defendant may redact the names and identifying information of non-party inmates, except that Defendant will assign each inmate a unique alphanumeric code consisting of his or her first and last initial and the last four digits of his or her Book & Case number.  Plaintiffs reserve the right to request fully unredacted documents should the need arise.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

(2) Partially redacted copies of hard copy "bail logs" from the Rikers Island Central Cashier ("RICC")—and from all other DOC facilities for which comparable logs exist—from January 1, 2011 to present, to the extent such records exist;

(3) A partially redacted chronological report, in Microsoft Excel format, of all discharges from DOC's New Admission Tracking System[2] (previously known as IITS) from the inception of IITS to the present;

(4) A complete report, in Microsoft Excel format, of DOC IT support requests relating to the inoperability of fax machines in all DOC facilities during from 2011 to the present, to the extent such records exist; and

(5) An affidavit explaining the design and functionality of DOC's Inmate Property Tracking System[3], including its data reporting and output capabilities.

While Defendant is still working to confirm certain details concerning responsive records and to determine how long they will take to produce, defense counsel hopes to substantially complete production within 60 days.  The parties agree that it would be premature to set a schedule for class certification practice prior to production of this information.

The parties propose that the Court schedule an additional status conference in approximately 90 days to receive an update from the parties concerning the progress of discovery.  In the meantime, the parties agree that further reasonable discovery relevant to rendering a "definitive assessment of Rule 23 requirements" may proceed.  *See In re IPO Secs. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006) (requiring a "definitive assessment of Rule 23 requirements, notwithstanding their overlap with merits issues"; courts must hear "enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met").

We look forward to discussing the case with Your Honor at the upcoming Court conference.

Respectfully submitted,

/s/ David A. Lebowitz

David A. Lebowitz

c.      All Counsel of Record (via ECF)

---

[2] This system tracks DOC inmates from the time they enter DOC custody to the time they are housed at a jail facility and is capable of reporting all detainees discharged from DOC custody before completing the intake process.

[3] This system was first identified as a separate database during Ms. Danko's deposition.  Plaintiffs reserve the right to notice a further Rule 30(b)(6) deposition concerning this system should the affidavit Defendant has agreed to produce prove insufficient.