UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES LYNCH, et al.,

    Plaintiffs,

-against-

THE CITY OF NEW YORK,

    Defendant.

17-CV-7577 (JGK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Plaintiffs in this this putative class action allege that the City of New York (City) unconstitutionally restrained the liberty of tens of thousands of pretrial detainees by delaying their release from City jails even after they posted bail. In a letter-motion dated June 2, 2022 (Pl. Ltr.) (Dkt. No. 149), plaintiffs inform the Court that the parties have nearly finalized a settlement agreement under which, among other things, they will ask the Court to certify a class consisting of approximately 65,000 individuals released from City jails on bail since October 2014, and upon certification will be required to provide notice of the settlement to members of that class. *See* Fed. R. Civ. P. 23(c)(2). In order to discharge that responsibility, plaintiffs seek an order compelling non-parties New York State Department of Corrections and Community Service (DOCCS) and New York State Office of Information Technology Services (ITS) (collectively the State) to comply with subpoenas seeking the names, dates of birth, New York State ID (NYSID) numbers, social security numbers, and current or last known contact information for all individuals in the custody of DOCCS or on parole under its supervision during the relevant time period. Pl. Ltr. at 2 & Ex. A.[1]

---

[1] Plaintiffs explain that "a large percentage of class members . . . eventually enter DOCCS custody," and that DOCCS "maintains a comprehensive database" linking the relatively up-to-date contact information it collects to a prisoner or parolee's NYSID number, which is the same identifier used by the New York City Department of Correction. Pl. Ltr. at 1.

The State resisted plaintiffs' subpoenas, principally on burdensomeness grounds, *see* Pl. Ltr. Ex. B, at 4-6, and in a letter dated June 8, 2022 (Dkt. No. 156) (State Ltr.), opposes their request for an order compelling compliance. The State estimates that it would take a minimum of three weeks of work (by programmers contracted for the purpose) to retrieve and assemble the data that plaintiffs seek concerning inmates, another three weeks to retrieve and assemble comparable data concerning parolees, and additional time to merge the resulting reports and remove duplicates, all at a cost of at least $19,312.20. Pl. Ltr. Ex. B, at 4-6; State Ltr. at 2-3. Plaintiffs have offered to pay for the State's work but dispute the State's estimates, relying on their own retained IT consultant, Daniel Lukesetich, who opines – based on his general familiarity with "IBM Db2 databases" such as those holding the data at issue here – that the work could be done in considerably less time. Pl. Ltr. Ex. B. Plaintiffs further complain that DOCCS and ITS refused to support their own estimates with testimony from knowledgeable "subject matter experts." Pl. Reply Ltr. (Dkt. No. 155) at 2.

For the reasons discussed at the June 14, 2022 discovery conference, it is hereby ORDERED that:

1. Counsel for plaintiffs and the State shall promptly arrange at least one meeting, in person or by videoconference, at which their respective subject matter experts (for plaintiffs, Mr. Lukesetich; for the State, in-house IT professionals knowledgeable about the specific databases and systems at issue) can speak directly to one another, in the presence of counsel, for at least one hour in a good faith effort to (a) understand how the requested information is stored, how it can be retrieved and collected, the scope of the work required to satisfy plaintiffs' requests, and the expected cost of that work (in time and money); and (b) collaborate concerning the most efficient method(s) of retrieving the data sought, including any time- or cost-saving

modifications to plaintiffs' requests. The meeting shall not be recorded. Counsel for plaintiffs and the State shall, to the extent consistent with their professional obligations to their clients, minimize their role in the discussion. Counsel for the City may (but are not required to) attend.

2. At the conclusion of the meeting (including any follow-up sessions), plaintiffs and the State shall prepare a joint letter to the Court, no longer than six pages, which shall be filed no later than **July 14, 2022**. In the joint letter, plaintiffs and the State shall confirm that the required good-faith meeting took place and advise the Court as to whether they have reached agreement as the production of some or all of the requested data. If so, they may present the Court with a proposed form of order. If areas of disagreement remain, the joint letter shall outline the remaining dispute(s) and provide updated estimates, if any, concerning the time, personnel, and expense required to satisfy plaintiffs' requests.

Plaintiffs shall promptly serve a copy of this Order upon counsel for DOCCS and ITS and file proof of such service on ECF.

Dated: New York, New York
       June 16, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**