UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LLOYD JONES and BARON SPENCER, on Behalf of Themselves and Others Similarly Situated,<br><br>                            Plaintiffs,<br>  - against -<br><br>CITY OF NEW YORK,<br><br>                            Defendant. | ECF Case<br>No. 17 Civ. 7577 |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE TO CLASS MEMBERS, AND SCHEDULING FAIRNESS HEARING

WHEREAS, Named Plaintiffs Lloyd Jones and Baron Spencer, themselves and individually and on behalf of the class of individuals they seek to represent (collectively, "Plaintiffs," the "Class," or "Class Members"), and Defendant City of New York ("Defendant" or the "City") (collectively, the "Parties") have reached a settlement; and

WHEREAS, Plaintiffs have entered into a settlement agreement dated October 21, 2022, with Defendant (the "Settlement" or "Settlement Agreement"); and

WHEREAS, Plaintiffs have filed a motion asking the Court preliminarily to approve the Settlement Agreement and attached to their motion the following documents memorializing their settlement with Defendant:

(i) a Settlement Agreement dated October 21, 2022 (Exhibit 1 to the Declaration of Debra L. Greenberger dated November 22, 2022 ("Greenberger Declaration")), and

(ii) a proposed Preliminary Approval Order (Exhibit 2 to the Greenberger Declaration); and

WHEREAS, also attached to Plaintiffs' motion for preliminary approval are the following implementing documents:

(i) proposed Claim Form (Exhibit D to the Declaration of Tiffaney Janowicz dated November 21, 2022 ("Janowicz Declaration");

(ii) proposed Summary Notice (Exhibit C to Janowicz Declaration);

(iii) proposed cover letter for direct notice by mail to eligible Class Members (Exhibit E to Janowicz Declaration);

(iv) proposed email message for direct notice by email to eligible Class Members (Exhibit F to Janowicz Declaration);

(v) proposed Long-Form Notice (Exhibit G to Janowicz Declaration); and

WHEREAS, [handwritten: Whereas the Plaintiffs submitted supplemental materials on December 1, 2022, including the Supplemental Declaration of Tiffany Janowicz dated November 30, 2022,] the Court has read and considered the Settlement Agreement and the submissions made by Plaintiffs; and

WHEREAS, based on the materials described above, the Court finds that the proposed Settlement Agreement is likely to receive final approval pursuant to Federal Rule of Civil Procedure 23(e)(2), and that the proposed Settlement Class is likely to receive class certification for purposes of judgment, and that notifying potential Class

2

Members about the terms and conditions of the proposed Settlement Agreement and scheduling a formal Fairness Hearing is warranted; and

WHEREAS, all terms of the proposed Settlement Agreement, and certification of the Settlement Class for purposes of judgment, remain subject to the Court's final approval;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. ***Definitions*** – To the extent not defined in this Order, this Court adopts and incorporates the definitions in the Settlement Agreement for purposes of this Order.

2. ***Preliminary Findings Regarding Proposed Settlement*** – The Court preliminarily finds that the proposed Settlement as evidenced by the Settlement Agreement is likely to be approved under Federal Rule of Civil Procedure 23(e)(2) as fair, reasonable and adequate and warrants providing notice of the proposed Settlement to the Class and scheduling a Fairness Hearing for further review of the proposed Settlement. In making these findings, the Court has considered a number of factors, including the nature of the Named Plaintiffs' and Defendant's respective claims and defenses, the amount of consideration to be paid in the Settlement, the information available to the Parties, whether the Named Plaintiffs and Class Counsel have adequately represented the class, whether the Settlement Agreement was negotiated at arm's length, and whether the relief provided for Class Members is adequate, and whether the Settlement Agreement treats Class Members equitably relative to each other. Based on these considerations, the Court preliminarily concludes that (*i*) the proposed Settlement is

within the range of possible approval and the Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Parties and their counsel and (*ii*) none of the terms and conditions of the Settlement Agreement have any obvious deficiencies or improperly grant preferential treatment to any individual Class Member.

3.  *Certification of Settlement Class* – The Court hereby certifies a Settlement Class pursuant to Fed. R. Civ. R. 23(b)(3) pending a Fairness Hearing and further order of the Court of all people who were:

    a.  In the Custody of DOC; and

    b.  Were on at least one occasion released from DOC Custody upon payment of Bail during the Class Period; and

    c.  Had a delay in their release from Custody after Bail had been paid.

Members of the Settlement Class are eligible for payment through the Settlement if they attest that: "I declare that I was released on bail from a jail run by the New York City Department of Correction on at least one occasion between October 4, 2014 and October 21, 2022. I reasonably believe that it may have taken at least three (3) hours after my bail was paid before I was released from custody."

4.  For purposes of the settlement of the Action, and only for these purposes, and subject to the terms of the Settlement Agreement, the Court finds that the requirements of Fed. R. Civ. P. 23 and any other applicable laws are satisfied respecting the Settlement Class being preliminary certified in connection with the Settlement:

    a.  The Settlement Class is ascertainable from Defendant's records and/or from objective criteria;

b.   The Settlement Class is so numerous that joinder of all members would be impractical;

c.   Plaintiffs have alleged one or more questions of fact and law appear to be common to all Settlement Class members;

d.   Based on Plaintiffs' allegations that Defendant engaged in uniform conduct affecting all Settlement Class members, Named Plaintiffs' claims are typical of those of the other members of the Settlement Class;

e.   Named Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in that (*i*) Named Plaintiffs' interests are consistent with those of the other Settlement Class members, (*ii*) Class Counsel are able and qualified to represent each of the Settlement Class members, and (*iii*) Named Plaintiffs and Class Counsel have fairly and adequately represented all of the Settlement Class members in obtaining monetary relief, and in negotiating and entering into the proposed Settlement;

f.   For settlement purposes, questions of law and/or fact common to members of the Settlement Class predominate over such questions affecting only individual Settlement Class members, and a class action is superior to all other available methods for the fair and efficient resolution of the Action.  In making these provisional findings for settlement purposes, the Court has considered, among other things, (*i*) the Settlement Class members' interest in individually controlling the prosecution of separate actions, (*ii*) the impracticability or inefficiency of prosecuting separate actions, (*iii*) the

extent and nature of any litigation concerning these claims already commenced and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

5. This certification of the Settlement Class is made for the sole purpose of attempting to consummate settlement of the Action in accordance with the Settlement Agreement.

6. If this Court or an appellate court does not grant final approval of the proposed Settlement, this settlement class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any further class certification proceedings in this Court (or any other court).

7. ***Certification of Named Plaintiffs and Appointment of Class Counsel*** – Solely for the purposes of the proposed Settlement, the Court hereby (*i*) certifies Lloyd Jones and Baron Spencer as the Named Plaintiffs and class representatives and (*ii*) appoints Emery Celli Brinckerhoff Abady Ward & Maazel LLP, Romano & Kuan PLLC, and Kaufman Lieb Lebowitz & Frick as Class Counsel pursuant to Fed. R. Civ. P. 23(g) for purposes of representing the Settlement Class.

8. ***Scheduling of Fairness Hearing*** – Pursuant to Fed. R. Civ. P. 23(e), the Court will hold a Fairness Hearing on July 11, 2023 at 4:00 p.m. to address the Settlement, before Judge John G. Koeltl, District Judge for the United States District Court for the Southern District of New York, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 14A, New York, New York 10007. The Court may adjourn the

Fairness Hearing and reconvene it at some other date without further notice to Class Members and may approve the Settlement, enter a final Order at or after the Fairness Hearing or any adjournment of the Fairness Hearing, and dismiss the claims asserted against Defendant on the merits and with prejudice without further notice to any persons or entities (including Class Members) other than the Parties.

9. The Fairness Hearing will consider, among other things:

    a. whether the Court should grant final certification of the Settlement Class for purposes of judgment;

    b. whether the Court should approve the proposed Settlement as fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23(e)(2);

    c. whether an order should be entered dismissing the Action on the merits and with prejudice as to Defendant;

    d. whether adequate and sufficient notice was given in accordance with this Order;

    e. whether Named Plaintiffs and Class Counsel fairly and adequately represented the Class for purposes of entering into and implementing the proposed Settlement;

    f. whether the Court should approve Named Plaintiffs' service award payments;

    g. whether the Court should approve Class Counsel's attorneys' fees and expenses application, if submitted along with the request for final approval of the Settlement Agreement; and

    h. any other matters relating to the approval and implementation of the Settlement Agreement that the Court may deem appropriate.

  10. ***The Class Administrator*** – The Court approves Rust Consulting, Inc. to serve as the Administrator. The Administrator shall perform tasks as directed by the Parties, including but not limited to the following matters: (1) locating Class Members; (2) issuing notice, including information about the right to object or Opt Out of the settlement; (3) distributing Claim Packets to and receiving executed original Claim Forms from Class Members; (4) establishing and administering the Qualified Settlement Fund and upon conclusion of the process, closing the Fund; (5) determining eligibility for awards on the basis of information provided by counsel for the Parties and the Class Members, validating the claims, and providing Class Counsel and Defendant's Counsel a list of those persons found preliminarily eligible every 30 days; (6) calculating the amounts of awards; (7) issuing and mailing payments to eligible Class Members, and issuing and filing all required tax forms and statements; (8) responding to inquiries from Class Members about this Agreement and the procedures contained herein, including by the use of a toll-free number and a website; (9) collating all objections to the Agreement for Class Counsel and Counsel for Defendant; (10) creating a database of Class Members who have filed timely and valid Claim Forms; (11) creating a database of Opt-Outs; (12) coordinating and advancing payment for publication notice per paragraph 81 of the Agreement; (13) providing the Parties with regular bills and a final accounting; and (14) to the extent not listed here, the tasks enumerated in the Administrative Proposal attached as Appendix A to the Settlement Agreement. The Administrator will (*i*) act as the agent

of the Parties to the extent the Class Administrator is given confidential information about potential Class Members, including names, addresses and social security numbers, (*ii*) use such confidential information only in connection with the administration of the proposed Settlement and (*iii*) take reasonable measures to maintain the security of the confidential information.

11.  *Notice* – The Court hereby approves, as to form and content, the Claim Form, Summary Notice, Cover Letter, Email Message, and Publication Notice submitted by Plaintiffs and Administrator to the Court. The Court finds that the Claim Form, Summary Notice, Cover Letter, Email Message, and Publication Notice will fully and accurately inform potential Class Members of all material elements of the proposed Settlement, of their right and opportunity to be excluded from the Settlement Class, and of their right and opportunity to object to the Settlement. The Court further approves and finds that the mailing and distribution of the Claim Form, Summary Notice, Cover Letter, and Email Message, and the Long-Form Notice, as well as the other components of the Notice Plan set forth in the Settlement Agreement and the Janowicz Declaration, including reminder notification via text, substantially in the manner and form set out in this Order will meet the requirements of due process, Fed. R. Civ. P. 23, the Rules of this Court, and any other applicable law, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to such notice.

12.  No later than January 26, 2023, the Administrator shall mail or cause to be mailed the Claim Packet, substantially in the forms submitted to the Court by the parties,

by first-class mail, postage prepaid, to all potential Settlement Class members at the address of each such person. Defendant shall provide the Administrator and Plaintiffs' Counsel with the data and information as set forth in the Agreement. This information shall be deemed confidential under the terms and conditions set forth in the Agreement. Using the last known address and email address information (where available) provided by Defendant and its agencies as set forth in the Agreement, the Administrator will perform research to determine Class Members' likely addresses and create the Class Member database. The Administrator will also use (where available) last known address, social security, and other identifying information provided to it by the New York State Department of Corrections and Community Supervision as a further data point to determine Class Members addresses. Before mailing the Claim Packet, the Administrator shall carry out research to determine the best address match for each potential Class Member. All addresses will be checked against the National Change of Address ("NCOA") database, which is maintained by the United States Postal Service ("USPS"). Where the address research does not provide a high-confidence result, the Administrator will conduct manual traces, including CLEAR searches as needed.

13. Class Members who wish to receive payment pursuant to the Settlement Agreement must submit a Claim form online or mail and postmark the Claim Form, subject to the exceptions set forth in paragraphs 96 and 97 of the Settlement Agreement, by no later than June 6, 2023.

14. If any Claim Packets are returned to the Administrator with updated addresses, the Administrator shall remail such Claim Packets following receipt of such

updated addresses. If any Claim Packets are returned to the Administrator as undeliverable and without an indication of an updated address, the Administrator shall cause further research to be undertaken to determine whether a more current address is available and mail to the potential Class Member.

15. The Administrator shall cause notice to be published in television, radio, and print media, along with digital and social media advertising, and advertising at subway and bus stations, as further described in Appendix A of the Settlement Agreement.

16. The Court expressly authorizes and instructs the Administrator to send reminder notice, as provided in paragraph 54 of the Settlement Agreement, by postcard, email, and by a single text message per phone number, where possible. The phone number used for the reminder text message shall be the best phone number match for the potential Class Member, as determined by the Administrator after carrying out telephone number research, including through commercial and governmental databases.

17. The Administrator shall cause a website to be established on which it shall post, among other things, *(i)* the Summary Notice, *(ii)* the Claim Form, *(iii)* the Long-Form Notice, *(iv)* the Settlement Agreement (including Appendix A), *(v)* the filings of the parties seeking approval of the proposed Settlement and any responsive papers, *(vi)* Class Counsel's application for attorneys' fees and expenses, *(vii)* the operative Complaint, *(viii)* the Court's September 28, 2018 order denying Defendant's motions to dismiss; *(ix)* this Order and any subsequent Orders of the Court relating to the Settlement and *(x)* such other materials as counsel for the Parties determines should be posted. The website

11

shall also permit potential Class Members to submit claims electronically through the website.

18. The Administrator shall provide notice to the appropriate federal and state officials as required by the Class Action Fairness Act consistent with the requirements of that Act.

19. The Parties and their counsel may by written agreement make any amendments to or modifications of the Claim Form, Summary Notice, Cover Letter, Email Message, and Long-Form Notice without notice to or approval by the Court so long as such changes are not materially inconsistent with this Order and do not materially limit the rights of potential Class Members.

20. Along with the motion for Final Approval, Class Counsel shall file or cause to be filed with the Court a declaration from the Administrator confirming that notice was provided consistent with this Settlement Agreement and all Orders concerning Notice entered by the Court.

21. ***Administration and Notice Expenses*** – The Court orders Defendant City to pay the costs of notice and administration to the Administrator pursuant to the terms and conditions set forth in the Settlement Agreement.

22. ***Exclusion from the Class*** – All Settlement Class members must mail a request to be excluded from the Settlement Class ("Request for Exclusion" or "Opt-Out Request") to the Administrator at the address set forth in the long-form notice as on the website. Any Request for Exclusion must be in writing and state the name, date of birth, address, and social security number (if any) of the person requesting exclusion, be

personally signed, and contain a clear statement communicating that such person elects to be excluded from the Settlement Class.

23. To be valid, any Request for Exclusion must be in writing, must contain all of the information described in paragraph 21 of this Order and must be received by the Administrator by no later than June 6, 2023.

24. If the proposed Settlement Agreement is approved, any potential Settlement Class member who has not filed a valid Request for Exclusion shall be bound by the release in the Settlement Agreement and by all proceedings, orders, and judgments regarding the proposed Settlement that relate to the Settlement Class, whether favorable or unfavorable, even if he, she or it has pending or subsequently initiates any litigation, arbitration or other proceedings, or has any other Released Claim.

25. At or before the Fairness Hearing, the parties shall provide to the Court a list of the persons and entities, if any, who have validly and timely requested exclusion from the Settlement Class. Persons requesting exclusion from the Settlement Class shall not be entitled to receive relief provided to Settlement Class pursuant to the Settlement Agreement.

26. *Objections* – Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the proposed Settlement, including the Named Plaintiffs' service award payments and/or Class Counsel's application for attorneys' fees and expenses, may do so by filing an objection as set out below. However, a potential Class Member who requests exclusion from the Settlement Class may not file an objection regarding the terms of the Settlement Agreement.

27. A Class Member who wishes to object must submit to the Administrator at the address provided in the long-form notice as set forth on the website their objection(s), as well as the specific reason(s), if any, for each such objection and whether the Class Member wishes to speak at the Fairness Hearing. The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection. The Administrator shall promptly send a copy of each objection it receives to Class Counsel and Defendant's Counsel by email.

28. A Class Member's objection must include the name and docket number of this Action and must also include the following information about the Class Member: (a) name; (b) address; (c) telephone number; (d) email address, if available; and (e) signature.

29. All objections must be received by the Class Administrator by no later than June 6, 2023.

30. A Class Member may object on his or her own, or through counsel hired at his or her own expense.

31. Any attorney hired by a Class Member for the purpose of objecting to the proposed Settlement must serve a notice of appearance on Class Counsel and Counsel for Defendant and e-file the notice of appearance using the Court's ECF system. The notice

of appearance must be received by Counsel and filed with the Court on or before June 6, 2023.

32. Any Class Member who does not make an objection in the time and manner provided in the Agreement and this Order shall be deemed to have waived and forfeited any and all rights they may have to object, and shall be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement unless otherwise allowed by the Court.

33. *Appearance at the Fairness Hearing* – Class Member attendance at the Fairness Hearing is not necessary. However, any Class Member who submits a timely written objection to the Administrator in accordance with the requirements set out in this Agreement may appear at the Fairness Hearing either in person or through personal counsel retained at the Class Member's own expense.

34. Class Members who intend to appear at the Fairness Hearing on their own behalf must send a letter to the Administrator notifying the Administrator of their intention to appear at the Fairness Hearing. Such letter must also include the following information about the Class Member: (a) name; (b) address; (c) telephone number; (d) email address, if available; and (e) signature. This letter must be received by the Administrator on or before June 6, 2023. The Administrator shall promptly send a copy of each letter it receives to Class Counsel and Counsel for Defendant by email.

35. If a Class Member retains personal counsel (at the Class Member's expense) to appear on their behalf at the Fairness Hearing, such counsel shall serve on Class Counsel and Counsel for Defendant and e-file using the Court's ECF system a

15

notice of intention to appear, which must be received by Counsel and the Court on or before June 6, 2023.

36. Any Class Member who does not submit a letter to the Administrator or whose personal counsel does not file a notice of intention to appear with the Court in the time and manner provided in the Agreement and this Order shall be deemed to have waived and forfeited any and all rights they may have to present argument to the Court at the Fairness Hearing and shall be foreclosed from doing so unless otherwise allowed by the Court.

37. Any Class Member who submits an objection to the proposed Settlement shall be deemed to consent to the exclusive jurisdiction of the Court with respect to such objection and all issues that arise or relate to such objection, including any order issued or findings made by the Court regarding the objection.

38. Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement Agreement.

39. At the time Plaintiffs submit their motion seeking Final Approval of the Settlement, they shall also submit to the Court all of the timely requests for exclusion, objections, and Class Member letters indicating an intention to appear personally at the Fairness Hearing that have been timely submitted to the Administrator.

40. *Filing of Papers Regarding the Settlement* – All papers regarding the proposed Settlement to be filed with the Court (other than those described in paragraphs 21, 25, or 33, which shall be filed and served consistent with the directions in those paragraphs) shall be filed and served as follows: any motions seeking final approval of

the proposed Settlement Agreement and any application for attorneys' fees and expenses must be filed and served no later than June 26, 2023.

41. ***Termination of Settlement Agreement*** – This Order shall become null and void as to Defendant, and shall be without prejudice to the rights of Plaintiffs and Defendant, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, in the event that any of the following do not occur: (*i*) preliminary approval of the Settlement Agreement by the Court; or (ii) final approval of the Settlement Agreement by the Court or an appellate court with jurisdiction. In such event, (*i*) all provisions of the Settlement Agreement shall become null and void and be of no further force or effect as to Defendant, (*ii*) neither the Settlement Agreement nor any Court order regarding the Settlement Agreement, including this Order, shall be used or referred to for any purpose whatsoever as to the Defendant except in a proceeding to enforce this provision of this Order as to the Defendant and (*iii*) none of the Settlement Agreement, this Order, the negotiation of the Settlement Agreement, or the statements or court proceedings relating to the Settlement Agreement shall in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action or any other action, or any other judicial, administrative, regulatory or other proceeding, as to Defendant except in a proceeding to enforce this provision of this Order.

42. ***Retention of Jurisdiction*** – This Court shall retain jurisdiction for the implementation and enforcement of the terms of the Settlement Agreement, and all Parties hereto and their counsel shall submit to the exclusive jurisdiction of this Court for

purposes of implementing and enforcing the Settlement embodied in the Agreement, including a determination whether the proposed Settlement should be approved as fair, reasonable and adequate.

43. *Adjournment of Fairness Hearing* – The Court reserves the right to adjourn the date of the Fairness Hearing, and any adjournment thereof, without further notice to Class Members or anyone else other than the parties.

So ordered this ___1___ day of ___December___, 2022.

_____
THE HONORABLE JOHN G. KOELTL
United States District Judge