UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LLOYD JONES and BARON SPENCER, on Behalf of Themselves and Others Similarly Situated,

                              Plaintiffs,

- against -

CITY OF NEW YORK,

                              Defendant.

ECF Case
No. 17 Civ. 7577

---

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL CERTIFICATION OF THE SETTLEMENT CLASS, AND SERVICE AWARDS

WHEREAS, Named Plaintiffs Lloyd Jones and Baron Spencer, individually and on behalf of the class of individuals they represent (collectively, "Plaintiffs," the "Class," or "Class Members"), and Defendant City of New York ("Defendant" or the "City") (collectively, the "Parties") have entered into a settlement agreement dated October 21, 2022 (the "Settlement" or "Settlement Agreement") that, if approved by the Court, would resolve Plaintiffs' claims against Defendant in this action (the "Action"), with the exception of Plaintiffs' attorneys' fees and costs as specified below;

WHEREAS, on October 4, 2017, the Named Plaintiffs commenced this Action by filing a Complaint, alleging violations of the U.S. Constitution and state law, against Defendant;

WHEREAS, the City denied any and all liability arising out of Plaintiffs' allegations;

WHEREAS, in the Action, the Named Plaintiffs seek, on behalf of themselves and a Class, monetary damages against the City for violations of the law;

WHEREAS, on June 17, 2022, Named Plaintiff James Lynch was dismissed from the Action because he was deceased;

WHEREAS, if the Settlement Agreement is approved by the Court, all claims based on the factual allegations in the Complaint that could have been asserted in this Action would be resolved, with the exception of Plaintiffs' attorneys' fees and costs as detailed below;

WHEREAS, Plaintiffs have applied to the Court pursuant to Fed. R. Civ. P. 23(e) for an Order granting final approval of the Settlement;

WHEREAS, on December 1, 2022, the Court entered an Order (the "Preliminary Approval Order") in which the Court, among other things, (i) preliminarily certified a settlement class and appointed Class Counsel; (ii) directed that Notice be provided to Class Members as set out in the Preliminary Approval Order; (iii) preliminarily approved the Settlement; (iv) approved appointment of the Class Administrator; and (v) scheduled a Fairness Hearing to consider, among other things, whether to finally approve the proposed Settlement, the Named Plaintiffs' service award payments, and Class Counsel's application for attorneys' fees and costs;

WHEREAS, on June 16, 2023, the Court granted an extension of the deadline for Class Counsel to make an application for attorneys' fees and costs to July 31, 2023 without changing the deadline for the final approval application or the Fairness Hearing;

WHEREAS, the Court held the Fairness Hearing on July 11, 2023 to determine, among other things, (i) whether the Court should grant final certification of the Class for settlement purposes; (ii) whether the Court should approve the proposed Settlement as fair, reasonable and adequate; (iii) whether an order and/or judgment should be entered dismissing the Action on the merits and with prejudice, with the exception of attorneys' fees and costs, and whether the release set out in the Settlement Agreement should be provided to the Released Parties; (iv) whether adequate and sufficient notice was given in accordance with this Order; (v) whether the Named Plaintiffs and Class Counsel fairly and adequately represented the Class for purposes of entering into and implementing the proposed Settlement; and (vi) whether the Court should approve the Named Plaintiffs' service award payments; and

WHEREAS, the Court received submissions and heard argument at the Fairness Hearing from Class Counsel and Defendant's Counsel; and

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. ***Definitions*** – To the extent not defined in this Order, this Court adopts and incorporates the definitions in the Settlement Agreement for purposes of this Order.

2. ***Certification of Settlement Class*** – The Court hereby confirms certification of the following Settlement Class pursuant to Fed. R. Civ. P. 23: a Rule

23(b)(3) Class of all people who were: (a) in the Custody of DOC; and (b) were on at least one occasion released from DOC Custody upon payment of Bail during the Class Period; and (c) had a delay in their release from Custody after Bail had been paid. Members of the Settlement Class are eligible for payment through the Settlement if they attest that: "I declare that I was released on bail from a jail run by the New York City Department of Correction on at least one occasion between October 4, 2014 and October 21, 2022. I reasonably believe that it may have taken at least three (3) hours after my bail was paid before I was released from custody." Excluded from the Settlement Class are Shamel Rodriguez, Steven Cooper, Elpidio Rojas, Hunter Carlin, Alfonso J. Diaz, and Joel Uviles.

3. For purposes of the settlement of the Action, and only for these purposes, and subject to the terms of the Settlement Agreement, the Court finds that the requirements of Fed. R. Civ. P. 23 and any other applicable laws are satisfied respecting the Settlement Class being finally certified in connection with the Settlement:

    a. The Settlement Class is ascertainable from Defendant's records and/or from objective criteria;

    b. The Settlement Class is so numerous that joinder of all members would be impractical;

    c. Plaintiffs have alleged one or more questions of fact and law that appear to be common to all Settlement Class members;

   d. Based on Plaintiffs' allegations that Defendant engaged in uniform conduct affecting all Settlement Class members, the Named Plaintiffs' claims are typical of those of the other members of the Settlement Class;

   e. The Named Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in that (*i*) the Named Plaintiffs' interests are consistent with those of the other Settlement Class members; (*ii*) Class Counsel, as defined below, are able and qualified to represent each of the Settlement Class members; and (*iii*) the Named Plaintiffs and Class Counsel have fairly and adequately represented all of the Settlement Class members in obtaining monetary relief, and in negotiating and entering into the proposed Settlement;

   f. For settlement purposes, questions of law and/or fact common to members of the Settlement Class predominate over such questions affecting only individual Settlement Class members, and a class action is superior to all other available methods for the fair and efficient resolution of the Action. In making these findings for settlement purposes, the Court has considered, among other things, (*i*) the Settlement Class members' interests in individually controlling the prosecution of separate actions; (*ii*) the impracticability or inefficiency of prosecuting separate actions; (*iii*) the extent and nature of any litigation concerning these claims already commenced; and (*iv*) the desirability of concentrating the litigation of the claims in a particular forum.

4. This certification of the Settlement Class is made for the sole purpose of consummating settlement of the Action in accordance with the Settlement Agreement.

5.  If there is an appeal and an appellate court does not uphold this Court's final approval of the proposed Settlement, this settlement class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any further class certification proceedings in this Court (or any other court).

6.  ***Certification of Named Plaintiffs, Appointment of Class Counsel, and Appointment of Administrator*** – Solely for the purposes of the proposed Settlement, the Court hereby confirms its (*i*) certification of Lloyd Jones and Baron Spencer as the Named Plaintiffs and Class Representatives; and (*ii*) appointment of Emery Celli Brinckerhoff Abady Ward & Maazel LLP and Kaufman Lieb Lebowitz & Frick as Class Counsel pursuant to Fed. R. Civ. P. 23(g) for purposes of representing the Settlement Class. The Court granted the withdrawal of Romano & Kuan PLLC as Class Counsel. The Court hereby confirms its appointment of Rust Consulting, Inc. as settlement administrator (the "Administrator").

7.  ***Proof of Notice*** – The Parties filed with the Court adequate proof regarding the notice provided to potential Class Members to demonstrate that such notice was materially consistent with the Court's directives in the Preliminary Approval Order.

8.  The Court finds that the distribution of the Notices and Claim Forms and the notice methodology implemented by the Parties complied with this Court's Preliminary Approval Order and confirms its prior finding that such notice (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the

nature and terms of the proposed Settlement, the effect of the Settlement (including the effect of the Release of Claims), Class Members' right to object to the proposed Stipulation of Settlement, the right of Class Members to exclude themselves from the Class, and the right of Class Members who submitted objections to appear at the Fairness Hearing; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice (including any state and/or federal authorities entitled to receive notice under the Class Action Fairness Act); and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

9. The Court holds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this case.

10. ***Settlement Approval*** – The Court finds that the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Parties and their counsel and was entered into in good faith. None of the terms and provisions of the Settlement has material deficiencies or improperly grants preferential treatment to any individual Class Members. Accordingly, the proposed Settlement is hereby fully and finally approved as fair, reasonable, and adequate; consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law; and in the best interests of the Parties and the Class Members.

11. In making these findings, the Court considered, among other factors, (i) the nature of the claims asserted by Plaintiffs as to the Defendant and the strength of

7

such claims and the defenses of the Defendant; (ii) the risk, expense, complexity, and likely duration of further litigation and the ability to collect on any judgment obtained; (iii) the amount and kinds of benefits offered in the proposed Settlement; (iv) the allocation of proceeds of the Settlement as set forth in the Settlement among Class Members; (v) the stage of the proceedings at which the proposed Settlement was reached; (vi) the information available to the Parties and the Court; (vii) the experience and views of the Parties' counsel; (viii) the potential Class Members' reactions to the proposed Settlement, including the number of objections filed by Class Members and the number of exclusion requests submitted by Class Members; (ix) the submissions and arguments made throughout these proceedings by the Parties; and (x) the submissions and arguments made in connection with and at the Fairness Hearing.

12. In particular, the Court considered the objection filed by Frederick Williams and finds it without merit because the Settlement's terms under which each individual Class Member receives the same amount, $3,500, for each instance of release is fair and reasonable given the evidence about the Class Members' detention that was gathered during discovery. The Court considered the purported objection filed by the Estate of S. A. and finds that this purported objection was not filed by a Class Member or by an individual with legal authorization to act on behalf of a Class Member.

13. *Implementation of the Agreement* – The Parties and their counsel are directed to implement and consummate the Settlement according to its terms and conditions.

14. ***Releases*** – The release of claims as set forth in paragraphs 120 and 121 of the Settlement are expressly incorporated herein in all respects. As of the Effective Date of Payment (as defined in the Settlement), and without limiting or modifying the full language of the release provisions in the Settlement, the release of claims set forth in the Stipulation of Settlement shall be given full force and effect as to all Released Parties.

15. ***Binding Effect*** – The Settlement and this Order shall be forever binding on the Releasing Parties and Released Parties (as those terms are defined in the Stipulation of Settlement). This Order shall have res judicata and other preclusive effect in all pending and future lawsuits or other proceedings brought by Class Members that are based upon, arise out of, or relate to Released Claims.

16. ***Service Awards*** – The Court finds that the requested service awards of $20,000 each to the Named Plaintiffs Lloyd Jones and Baron Spencer is reasonable under the circumstances. This amount shall be paid by the City directly to Class Counsel for payment to the Named Plaintiffs.

17. ***Attorneys' Fees and Costs Award*** – Class Counsel will make an application for an award of attorneys' fees and costs that are fair, reasonable, and appropriate; the Court will retain jurisdiction over such an application and to order and approve an award of attorneys' fees and costs; and the entry of Judgment shall not release Plaintiffs' claims for attorneys' fees and costs.

18. ***Modification of Settlement*** – Without further approval from the Court, Parties are hereby authorized to agree to and adopt such amendments, modifications and expansions of the Settlement and the implementing documents (including all exhibits)

9

that (i) are not materially inconsistent with this Order and the Judgment; and (ii) do not materially limit the rights of the Named Plaintiffs, any other Class Member, the Defendant, Releasing Parties, or Released Parties under the Settlement, and provided, further, that any such amendments, modifications and/or expansions of the Settlement must be in writing executed by the Parties to the Settlement.

19. ***Retention of Jurisdiction*** – The Court has jurisdiction to enter this Order. Without in any way affecting the finality of this Order or the Judgment, the Court expressly retains exclusive and continuing jurisdiction over the Settlement, the Parties to the Settlement, Class Members, and anyone else who appeared before this Court for all matters relating to the Settlement, including approving and awarding attorneys' fees and costs of Class Counsel, the implementation and enforcement of the terms of the Settlement and of this Order and the Judgment, and for any other reasonably necessary purpose.

20. ***Dismissal of Action*** – The claims asserted in this Action are hereby dismissed with prejudice with the exception of attorneys' fees and costs.

21. ***Entry of Judgment*** – The Court will separately enter Judgment in accordance with Fed. R. Civ. P. 58.

So ordered this 11 day of July, 2023.

_____
THE HONORABLE JOHN G. KOELTL
United States District Judge