# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

| | ATTORNEYS AT LAW | |
|---|---|---|
| JONATHAN S. ABADY | | MONDAIRE JONES |
| MATTHEW D. BRINCKERHOFF | 600 FIFTH AVENUE AT ROCKEFELLER CENTER | VASUDHA TALLA |
| ANDREW G. CELLI, JR. | 10TH FLOOR | |
| RICHARD D. EMERY | NEW YORK, NEW YORK 10020 | ERIC ABRAMS |
| DEBRA L. GREENBERGER | | DAVID BERMAN |
| DIANE L. HOUK | TEL: (212) 763-5000 | NICK BOURLAND |
| DANIEL J. KORNSTEIN | FAX: (212) 763-5001 | DANIEL M. EISENBERG |
| JULIA P. KUAN | www.ecbawm.com | ARIADNE M. ELLSWORTH |
| HAL R. LIEBERMAN | | SARA LUZ ESTELA |
| ILANN M. MAAZEL | | SARAH MAC DOUGALL |
| KATHERINE ROSENFELD | | SONYA LEVITOVA |
| ZOE SALZMAN | | SANA MAYAT |
| SAM SHAPIRO | | HARVEY PRAGER |
| EARL S. WARD | | VIVAKE PRASAD |
| O. ANDREW F. WILSON | | MAX SELVER |
| | | EMILY K. WANGER |

October 17, 2023

**By ECF**
Hon. John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: *Jones, et al. v. The City of New York,* No. 17 Civ. 7577

Dear Judge Koeltl:

  This firm, together with co-counsel Kaufman Lieb Lebowitz & Frick ("KLLF"), represents the Plaintiff class.

  On September 22, 2023, the settlement administrator mailed over 25,000 settlement award checks to class members for valid claims. Another set of claims where class members have fixed deficiencies in their claims will be processed for payment, along with untimely claims that the administrator has accepted. The settlement administrator issued an invoice to the City for payment of these claims last week.

  Class Counsel seeks approval to send the notice letter attached as Exhibit A to 26 class members who inadvertently were not sent notice. Specifically, last fall, in preparing the initial list for notice, there were 75 class members who did not have an address data associated with them and were inadvertently omitted from the class members database created by the settlement administrator. These 75 class members did not receive direct mail notice along with the other class members.

  Of these 75 class members, 5 individuals filed claims that have been validated and have or will be paid. Of the class members who did not file claims, the settlement administrator was able to find addresses for 26 of them through database and manual trace searches. We also intend to search for phone numbers, and if found, personally call each of these 26 class members for whom we have phone numbers.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

      Should the Court approve, we will send the attached notice to the 26 class members together with a claim form. The proposed notice requests that the class members submit claim forms by November 17, 2023, but states the administrator will accept claims until December 12, 2023, which is the deadline for submission for untimely claim forms.

      We have not included dates for filing objections or requests for exclusion because these deadlines have passed and adequate notice of the settlement and the objection and opt-out deadlines was issued through the comprehensive program of publication and media notice delivered over several weeks and using a variety of methods, including print publications, television, radio, subway and bus ads, and earned media. *See In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 2022 WL 2128630, at *5–6 (E.D. Va. May 13, 2022) (adequate notice, not actual notice, is sufficient to bind absent class members). That this publication notice was effective is shown by, *inter alia*, the 5 class members who filed a claim notwithstanding the lack of direct notice.

      The lack of direct notice to the tiny percentage of class members (approximately 0.1%) who did not receive claim packets by mail does not undermine the adequacy of notice or final approval of the settlement. *See State of West Virginia v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1090–91 (2d Cir. 1971) (holding that, although some potential class members did not receive notice regarding the settlement, the notice program still satisfied due process because it was the best notice practicable under the circumstances); *In re "Agent Orange" Product Liability Litigation*, 818 F.2d 145, 167–69 (2d Cir. 1987) (reasoning that the class members with actual notice of the action would protect the interests of those who did not receive notice).

      We are available for any questions that the Court may have.

      Respectfully Submitted,

      /s/ Debra L. Greenberger
      Debra L. Greenberger