UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LLOYD JONES, ET AL.,

        Plaintiffs,

- against -

CITY OF NEW YORK,

        Defendant.

---

17-cv-7577 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

The Court received the attached letter from Mr. Daryl Stephen. This letter responds to the City's letter dated March 17, 2025 (ECF No. 263). The City is directed to reply to Mr. Stephen's letter by **April 23, 2025.**

The Clerk is respectfully requested to mail a copy of this Order to Mr. Stephen at the following address:

    Daryl Stephen
    1316 Sterling Pl Apt 1R
    Brooklyn, NY 11213

SO ORDERED.

Dated:    New York, New York
          April 9, 2025

                                      John G. Koeltl
                              United States District Judge

Daryl Stephen
1316 Sterling Place
Brooklyn, NY 11213
daryl.e.stephen@gmail.com
917-547-2145

April 4, 2025

The Honorable Judge Koeltl
500 Pearl St, New York, NY 10007

Re: Jones, et al. v. The City of New York, No. 17 Civ'7577

Dear Judge Koeltl:

I am writing to you as a pro se litigant in the matter of Jones v. The City of New York. I respectfully bring to the Court's attention that my constitutional rights under the Fourteenth Amendment have been violated. I contend that I have been discriminated against by the Settlement Administrator and the City of New

York, thereby being denied my rightful status as a member of the settlement class in the above-referenced case.

On March 17, 2025, I received a letter from the Office of Peter G. Farrell (hereinafter "Exhibit A"), wherein Mr. Farrell asserts that I am not listed as a member of the "class list" under the Settlement Agreement (ECF 175-1 ¶20). While the definition of the "class list"—which, as stated, includes individuals released by the Department of Corrections (DOC) under the "Bail Paid" ("BP") release code—may support his assertion, this definition does not preclude my status as a member of the settlement class. According to the Settlement Agreement in Jones v. The City of New York, a class member is defined as any individual who does not file a valid and timely opt-out. I timely filed my inclusion in the class action and, accordingly, should be recognized as a class member.

Mr. Farrell's letter further indicates that I am not a "presumptive member" of the class. The term "presumptive member" applies to those individuals automatically considered class members based on the release code documented in the Inmate Information System (IIS). Although my record does not reflect the "BP" release code, it shows a release code of "PAR" (parole) as evidenced in the inmate history (Exhibit B). I was never on parole during my custody nor at the time of my release from DOC custody. I believe this erroneous classification is the result of a negligent and inaccurate data entry by the DOC, which has prejudiced my ability to be recognized as a valid member of the settlement class.

Moreover, the Settlement Agreement clearly defines a class member as any person who:

a. Was in the custody of the DOC; and
b. Was released from DOC custody upon payment of bail during the Class Period; and

c. Experienced a delay in their release from custody after bail was paid.

I meet all three criteria and therefore should be considered a member of the settlement class.

In light of the foregoing, I respectfully request that the Court review the discriminatory practices regarding the recording of my release information and the consequent exclusion from the class list. Additionally, I hereby request relief that may include a determination of my status as a class member and any other appropriate remedy the Court deems just.

Finally, I wish to state that I do not consent to representation by counsel from Emery Celli Brinckerhoff Abady Ward & Maazel LLP, as my previous communications with them over the past sixteen months have not adequately addressed my interests or facilitated my inclusion in the settlement class and thus requesting a civil

gideon to have my own counsel help me navigate throughout the legal process.

Thank you for your time and consideration.

Respectfully,

Daryl Stephen
1316 Sterling Place
Brooklyn, NY 11213
917-547-2145

# EXHIBIT A



**Muriel Goode-Trufant**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Peter G. Farrell
*Division Chief*
Tel: (212) 356-3532

March 17, 2025

***By ECF***
Hon. John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:   *Jones, et al. v. The City of New York*, No. 17 Civ. 7577 (JGK) (BCM)

Your Honor:

    This office represents defendant City of New York ("City") in the above referenced action. Defendant City submits this letter as ordered by the Court (ECF # 262) to explain why Mr. Daryl Stephen is not a member of the Class.

    In short, Daryl Stephen does not fit the class definition and is not a class member because he could not be released from custody upon posting bail because in both instances the criminal court required a surety hearing before release.

    The details provided by the NYC Department of Correction ("DOC") when it investigated Mr. Stephen's claim is as follows. Daryl Stephen (NYSID 00344385Z) was in DOC custody on two occasions during the class period. The first period of incarceration was from January 22, 2016, to February 5, 2016 (B&C 3491600911). The second period of incarceration was from February 8, 2016, to March 10, 2016 (B&C 3101600147).

    When a person is released from DOC custody upon the posting of bail the discharge code entered in the Inmate Information System is "BP" (Bail Paid"). Mr. Stephen's did not have discharge code "BP" for the above two instances and thus was not a presumptive member of the class. *See* Settlement Agreement ECF 175-1 ¶20 ("'Class List' is the list of all individuals released by DOC during the Class Period under the 'Bail Paid' or 'BP' release code...").

Mr. Stephen did not get a "BP" discharge code because in both instances he could not be released upon posting bail. Specifically, regarding the first period of incarceration (encompassing January 22, 2016, to February 5, 2016), Mr. Stephen paid sufficient bail on February 3, 2016, however the Change of Status/Release from Custody Order required a surety exam prior to Mr. Stephen's release. On February 5, 2016, a Surety Review Order Release was executed (by the ADA and the Court), and Mr. Stephen was released that same day. See Exhibit A attached hereto.

Regarding the second period of incarceration, (encompassing February 8, 2016, to March 10, 2016), Mr. Stephen paid sufficient bail on March 8, 2016, however the Change of Status/Release from Custody Order required a surety exam prior to Mr. Stephen's release. On March 10, 2016, a Surety Review Order Release was executed (by the ADA and the Court), and Mr. Stephen was released that same day. See Exhibit B attached hereto.

A copy of this letter with exhibits was mailed to Mr. Stephen at the address set out in the Court's order (ECF 262).

Respectfully,
/s/
Peter G. Farrell
Division Chief


cc: via ECF on Class Counsel
    via First Class Mail on Mr. Stephen w/exhibits

# EXHBIT B

```
                    Inmate New History Inquiry  (QHIN)
                       Discharged After April 25, 1990
BK&CS: 3101600147    Name: STEPHEN, DARYL            NYSID: 00344385Z    Sex: M
Dob: 12-NOV-87       Admit: 08-FEB-16                Status: DE     Warrant:
Last Housing Inst: MDC      Last Transf Date: 08-FEB-16   Discharged from: SNC1
Custody Level: 4     Sent#:           Sent Facil Admit Date:         Red id:
Discharge Code: PAR    Discharge Date: 10-MAR-16 Reimb Date:          SRG?:
Split Sent:                All JTIM Entered?:

                              Enter Branch Code:

                         Case and Warrant Information
Docket#        Indict#    Cvt_Dte Charges   Sent_Dt Sent:_Min/Max      Rem Disp Wa
============= =========== ======= ========= ======= ==================== = ==== ==
2016NY005192  00276/2016          170.40            00 00 000/00 00 000 N PAR
```