UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LLOYD JONES, ET AL.,

              Plaintiffs,           17-cv-7577 (JGK)

    - against -               ORDER

CITY OF NEW YORK,

              Defendant.

---

**JOHN G. KOELTL**, District Judge:

    On July 17, 2025, Daryl Stephen filed a motion seeking: (1) an order granting access to PACER at no cost; (2) an order permitting Mr. Stephen to bring a mobile phone into the courthouse; (3) a protective order; and (4) to compel production of records by the New York County District Attorney's Office (the "DA's Office"). See ECF No. 273.

**(1) Request for exemption from PACER fees**

    Mr. Stephen requests an exemption from the fees imposed by the Electronic Public Access fee schedule adopted by the Judicial Conference of the United States Courts. Mr. Stephen, who is proceeding pro se, has shown that an exemption is necessary to avoid unreasonable burdens and to promote public access to information. Accordingly, Mr. Stephen's request for an exemption from fees for PACER access to the electronic case files maintained by this Court for case number 17-cv-7577, in which he is a litigant, is **granted.**

Mr. Stephen shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this Court. Additionally, the following limitations apply:

1. This fee exemption applies only to Mr. Stephen and is valid only for the purposes stated above;

2. This fee exemption applies only to the electronic case files of this Court that are available through the PACER system;

3. By accepting this exemption, Mr. Stephen agrees not to sell for profit any data obtained as a result of receiving this exemption;

4. Mr. Stephen is prohibited from transferring any data obtained as a result of receiving this exemption, including redistribution via internet-based databases;

5. This exemption is valid from the date of this Order until October 3, 2025.

This exemption may be revoked at the discretion of the Court at any time.

**(2) Electronic device request**

Mr. Stephen also seeks an order permitting him to bring a mobile phone into the courthouse for use in this case. However, there is no hearing or other court proceeding in this action currently scheduled to take place in this courthouse for which use of a phone or other electronic device would be necessary. If a proceeding is scheduled in this case at some point in the

2

future, Mr. Stephen may renew his request to bring his mobile phone into the courthouse then. Mr. Stephen additionally argues that phone access will allow him to "retrieve time-sensitive FOIL responses from the District Attorney's Office." Id. at 6. But the DA's Office is not located in the federal courthouse. Mr. Stephen's request for an order permitting him to bring a mobile phone into the courthouse is therefore **denied** without prejudice.

### (3) Request for a protective order

Mr. Stephen seeks a protective order to ensure that any evidence he submits in connection with his motion for reconsideration (ECF No. 267) "is treated fairly and not used to strategically reshape the City's opposition in ways that undermine the spirit of the original briefing schedule." ECF No. 273 at 6. Mr. Stephen claims that the Court's July 9, 2025 Order (ECF No. 272), which adjusted the briefing schedule for Mr. Stephen's motion for reconsideration, "places the full burden of evidentiary disclosure on [Mr. Stephen] before the City files its opposition," "creates an appearance of unfairness," and "gives rise to the possibility that the City may . . . sidestep[] or reframe[] [his] arguments without a fair opportunity for rebuttal." ECF No. 273 at 6. However, the current briefing schedule provides that, after Mr. Stephen submits any additional information upon which he intends to rely by August 25, 2025, the City should respond by September 8,

3

2025, and Mr. Stephen may reply by September 18, 2025. Accordingly, Mr. Stephen plainly will have a "fair opportunity for rebuttal" of any arguments that the City makes in response to his motion for reconsideration and the supplemental information he provides.

Moreover, any suggestion that the revised briefing schedule is improper in some way is without merit. The Court issued the July 9, 2025 Order modifying the briefing schedule to promote efficiency and to preserve the parties' and judicial resources. After the Court set the original briefing schedule in a June 25, 2025 Order (ECF No. 268) in response to Mr. Stephen's motion for reconsideration, Mr. Stephen requested an extension of time to file his reply to the City's anticipated response and, in that request, indicated that additional time was necessary because Mr. Stephen was seeking additional documentation in support of his claim in this action. See ECF No. 269. To ensure that the City could respond to—and the Court could consider—all of Mr. Stephen's arguments for reconsideration in a single filing and to avoid the need for piecemeal responses, the Court adjusted the briefing schedule.

In any event, Mr. Stephen has failed to show good cause to justify a protective order. See Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) (explaining that "[t]he grant and nature of protection is singularly within the discretion of the district court" and that "the burden is upon the party seeking

4

non-disclosure or a protective order to show good cause"). Therefore, Mr. Stephen's request for a protective order is **denied**.

**(4) Motion to compel**

Finally, Mr. Stephen seeks to compel the production of records by the DA's Office. However, this motion to compel is premature because, as Mr. Stephen has represented, Mr. Stephen's FOIL request to the DA's Office is still under review, and the DA's Office has provided a final response date of August 18, 2025. Accordingly, at this point, there has been no showing that the City has failed to produce documents in accordance with its FOIL obligations. For these reasons, Mr. Stephen's motion to compel is **denied** without prejudice.

The Clerk is respectfully requested to send a copy of this Order to the PACER Service Center. The Clerk is also requested to mail a copy of this Order to Mr. Stephen at the following address and to note mailing on the docket:

> Daryl Stephen
> 1316 Sterling Pl Apt 1R
> Brooklyn, NY 11213

**SO ORDERED.**

Dated:   New York, New York
         July 24, 2025

/s/ John G. Koeltl
John G. Koeltl
United States District Judge