**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------

**LLOYD JONES, ET AL.,**

                **Plaintiffs,**

     - against -

**THE CITY OF NEW YORK,**

                **Defendant.**

------------------------------------------------------------

**17-cv-7577 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

Daryl Stephen moves pro se for reconsideration of the Court's Order dated April 28, 2025 (the "April 28 Order") pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1). In that Order, the Court denied Mr. Stephen's application to participate in the class settlement in this litigation on the ground that he did not meet the settlement class definition. Mr. Stephen also moves to compel the defendant to produce certain documents that purportedly would support his motion for reconsideration. For the following reasons, both motions are **denied**.

**I.**

Reconsideration of a court's previous decision is an "extraordinary remedy to be employed sparingly in the interests of

finality and conservation of scarce judicial resources."[1] In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011). To succeed on a motion for reconsideration, the movant bears a heavy burden. "Whether filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, a motion to reopen or for reconsideration is not granted 'unless the moving party can point to controlling decisions or data that the court overlooked.'" Joseph v. Beth Israel Med. Ctr., No. 13-cv-2961, 2015 WL 851987, at *2 (E.D.N.Y. Feb. 26, 2015) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

A motion for reconsideration under Rule 59(e) may be granted only if "the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, might have reasonably altered the result before the court." Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000). A party seeking relief under Rule 59(e) must file a motion "no later than 28 days after the entry of the judgment."[2] Fed. R. Civ. P. 59(e).

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

[2] Local Rule 6.3 provides that "a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged," "[u]nless otherwise provided

2

Rule 60(b) authorizes courts to set aside final judgments or orders for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) when the judgment is void; (5) when the judgment has been satisfied; or (6) for any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion for relief from a final judgment or order brought under Rule 60(b) "must be made within a reasonable time," and if brought on the basis of subsections (1), (2), or (3), within one year of the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1).

Finally, the Court must interpret a pro se litigant's submissions, including motions for reconsideration, "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Although the Court must show pro se litigants special solicitude, it cannot excuse them from complying with relevant procedural rules. Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law"); Leonard v. Lowe's Home Ctrs., Inc., No. 00-cv-9585, 2002 WL 548745, at *1 (S.D.N.Y. Apr. 12, 2002) (same).

---

by ... rule." As explained, both Rules 59(e) and 60(b) supply their own timelines.

**II.**

The Court first addresses the defendant's timeliness objection to Mr. Stephen's motion for reconsideration before addressing the merits of his motion.

**A.**

As a threshold matter, the City argues that Mr. Stephen's motion for reconsideration is untimely. Rule 59(e) requires that a movant seek to alter or amend a judgment "no later than 28 days after the entry of" the judgment, yet Mr. Stephen did not file his motion until June 23, 2025 — approximately three months after the Court's April 28 Order. Def.'s Letter Resp. Opp'n Mot. for Recons. 2, ECF No. 284. Rule 59 is not the correct procedural rule in any event because it deals with motions to alter or amend judgments or for a new trial.

This argument does not affect Mr. Stephen's motion to the extent he brings it pursuant to Rule 60(b)(1) based on the Court's alleged mistake. As explained above, a motion to set aside a final order under Rule 60(b)(1) must be brought "no more than a year after the entry of the judgment or order." Fed R. Civ. P. 60(c)(1). Mr. Stephen brought his motion well within that time.

Mr. Stephen also points to his diligence in bringing the motion. Mr. Stephen explains that he never received the Court's April 28 Order by mail. Reply Supp. Mot. for Recons. 1-2, ECF

4

No. 287. He discovered that the Court had issued its Order only after he called the Pro Se Intake Unit and obtained a copy of the Order from the courthouse several weeks later. Id.

**B.**

The Court previously denied Mr. Stephen's application to participate in the class settlement because it found that he did not fall within the settlement class definition. "[O]n two occasions during the class period, Mr. Stephen was not released by the Department of Correction ... after bail was paid because a court-ordered surety examination was required before DOC could release" him. Apr. 28 Order 1, ECF No. 266. "Because this court-ordered surety exam was an additional condition on Mr. Stephen's release after bail was paid, Mr. Stephen was not and could not be released 'upon payment of bail,' and accordingly does not meet the settlement class definition." Id. at 1-2.

In his motion for reconsideration, Mr. Stephen argues that the Court construed the settlement class definition too narrowly in its April 28 Order. The Settlement Agreement defines the settlement class to include all people who:

> (a) [Were] [i]n the custody of DOC; and
>
> (b) Were on at least one Occasion released from DOC Custody upon payment of Bail during the Class Period; and
>
> (c) Had a delay in their release from custody after Bail had been paid.

5

ECF No. 175-1 ¶ 50; see also Order Granting Motion for Final Certification of the Settlement Class, ECF No. 208 ¶ 2 (same). According to Mr. Stephen, the class definition "does not exclude individuals subject to surety exams, nor does it distinguish between types of bail." Mem. Supp. Mot. for Recons. 3, ECF No. 267. He argues that he has shown (1) he was in DOC custody, (2) he posted bail, and (3) there was a delay in his release, and that he need not show anything more to establish his settlement class membership. "To interpret the [Settlement] Agreement" as the Court did in its April 28 Order "creates arbitrary two-tier treatment: those with 'processing' delays are in, [and] those with 'surety' delays are out, despite identical harm," which Mr. Stephen believes "violates equal protection and the Settlement's purpose." Reply. Mem. Supp. Mot. for Recons. 3.

Although Mr. Stephen has ably defended his position, he cannot overcome the clear language of the settlement class definition, which covers only those persons detained by DOC who could be released upon payment of bail. It does not cover those who posted bail but were not promptly released for some independent reason. Because DOC could not release Mr. Stephen after he posted bail until he cleared a surety examination, he could not be "released from DOC Custody upon payment of Bail." ECF No. 175-1 ¶ 50. This interpretation is not "arbitrary," as

Mr. Stephen claims — it is the class definition that the parties agreed to and that the Court certified.

If DOC in fact delayed in releasing Mr. Stephen after he posted bail and cleared his surety examination, that claim is not one of the claims that was settled in this lawsuit. The Court's limited holding is merely that the claim Mr. Stephen seeks to bring is not the type of claim that the parties settled in Jones.

### III.

Mr. Stephen has not shown "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). His motion for reconsideration is therefore **denied**. Mr. Stephen's motion to compel the defendant to produce certain records in support of his motion for reconsideration is also **denied** as moot. The evidence submitted by Mr. Stephen shows that on two occasions he posted bail and was not released because he was held until he completed a surety examination.

The Clerk is directed to close ECF Nos. 267 and 283. The Clerk is further respectfully requested to mail a copy of this Order to Mr. Stephen at the following address:

Daryl Stephen
1316 Sterling Pl., Apt. 1R
Brooklyn, NY 11213

**SO ORDERED.**

**Dated:**     **New York, New York**
              **October 13, 2025**

_____
John G. Koeltl
**United States District Judge**